# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs at Jackson June 3, 2008

## STATE OF TENNESSEE v. TIMMY LEE HILL

**Appeal from the Circuit Court for Marshall County**
No. 16359     Robert Crigler, Judge

---

**No. M2007-02205-CCA-R3-CD - Filed November 13, 2008**

---

The defendant, Timmy Lee Hill, was convicted by a jury in the Circuit Court for Marshall County of three counts of aggravated kidnapping, a Class B felony; two counts of aggravated assault, a Class C felony; one count of escape, a Class E felony; and one count of evading arrest, a Class A misdemeanor. The three counts of aggravated kidnapping were merged. The defendant was sentenced as follows: one nineteen-year sentence for aggravated kidnapping, with a concurrent eleven-month-twenty-nine-day sentence for evading arrest; one consecutive ten-year sentence for aggravated assault on the same victim as the aggravated kidnapping, with a concurrent eleven-month-twenty-nine-day sentence for assault on a second victim; and one consecutive six-year sentence for escape, for an effective sentence of thirty-five years. The defendant appeals, claiming the trial court erred in imposing a consecutive sentence for the aggravated assault. We affirm the judgments of the trial court, except we remand the case for entry of a corrected judgment for the aggravated assault to reflect a ten-year sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part, Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Hershell D. Koger, Pulaski, Tennessee, for the appellant, Timmy Lee Hill.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General, and Ann L. Filer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The proof at trial showed that on February 16, 2005, the defendant, an inmate at the Marshall County Jail, accosted a correctional officer with a spike and bound her hands and ankles. After injuring her in a struggle and forcing her to open several successive gates, the defendant assaulted

another correctional officer and escaped. He was captured a few hours later after he attempted to flee from an officer.

At the initial sentencing hearing, the defendant received a nineteen-year sentence for aggravated kidnapping, with a fifteen-year sentence for aggravated assault and an eleven-month-twenty-nine-day sentence for evading arrest to run concurrently to the nineteen-year sentence. The defendant also received a second fifteen-year sentence for aggravated assault and a six-year sentence for escape, each to run consecutively to the nineteen-year sentence, for an effective sentence of forty years to run consecutively to a prior eighteen-year sentence.

On appeal, this court affirmed in part, but modified one conviction and remanded the case to the trial court to: (1) resentence the defendant on count five, as the evidence showed only an assault instead of aggravated assault; (2) correct the judgment for count four to reflect that the defendant was a persistent, not career, offender; (3) enter a single judgment of conviction for aggravated kidnapping to reflect the merger of counts one, two, and three; (4) correct the judgment for count six to indicate a sentence of six years instead of fifteen; and (5) reconsider consecutive sentencing for the remaining aggravated assault conviction. See State v. Timmy Lee Hill, No. M2005-02437-CCA-R3-CD, Marshall County, slip op. at 13 (Tenn. Crim. App. June 20, 2007).

During the second sentencing hearing, the parties presented no additional evidence, but the trial court stated that it had heard their proof at the first sentencing hearing. At this second hearing, the trial court corrected the judgments remanded by this court. The defense argued that as the trial court had imposed less than the maximum sentence for aggravated kidnapping, it should impose less than the maximum sentence in the persistent offender range for the aggravated assault on the first victim. The defense also urged the court to continue its scheme of ordering consecutive sentences based on the number of victims, but it reminded the court that one of the sentences was now a misdemeanor sentence. The trial court repeated its findings from the first hearing that the defendant had an extensive criminal history and that the defender was a "dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime where the risk to human life was high." T.C.A. § 40-35-115(b)(2), (4) (2006).

At the first sentencing hearing, the trial court considered the trial evidence, evidence of the defendant's prior convictions, and the testimony of Beth Ladner, who prepared the presentence report. The trial court found that no mitigation factors from Tennessee Code Annotated section 40-35-113 (2003) applied.

The trial court found that nine enhancement factors from Tennessee Code Annotated section 40-35-114 (2003)[1] applied:

---

[1]We note that on June 7, 2005, the General Assembly amended Tennessee Code Annotated section 40-35-114. See 2005 Tenn. Pub. Acts page nos. 789-92. The defendant waived ex post facto objections to being sentenced under this new act. However, the trial court continued to use the numbering of the pre-Blakely act when stating applicable enhancement factors. We reprint the Code sections as numbered by the trial court at the first sentencing hearing.

(2)     The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

(3)     The defendant was a leader in the commission of an offense involving two (2) or more criminal actors;

(7)     The personal injuries inflicted upon or the amount of damage to property sustained by or taken from the victim was particularly great;

(9)     The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community;

(10)    The defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of an offense;

(11)    The defendant had no hesitation about committing a crime when the risk to human life was high;

(15)    The felony was committed on escape status or while incarcerated for a felony conviction;

(17)    The crime was committed under circumstances under which the potential for bodily injury to a victim was great; and

(21)    The defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult.

At the first sentencing hearing, the trial court found that consecutive sentencing was appropriate because the defendant had an extensive criminal history and was a dangerous offender. The court noted that the defendant had twelve misdemeanor convictions, in addition to the prior felony convictions and the convictions underlying this case. The court also stated that many of the defendant's misdemeanor crimes were crimes of violence, that the defendant had a prior aggravated assault conviction, and that his merged conviction for aggravated kidnapping demonstrated the defendant's disregard for human life. The court ordered the aggravated kidnapping and the first aggravated assault to run concurrently because both involved the same victim. The second aggravated assault sentence involving an attack on a second officer was ordered to run consecutively to the sentences involving the first officer. In the second sentencing hearing, the court retreated from this scheme and imposed a ten-year sentence for aggravated assault to run consecutively to the nineteen-year sentence for aggravated kidnapping.

The defendant contends on appeal that the trial court erroneously imposed a ten-year consecutive sentence for aggravated assault on the same victim as the aggravated kidnapping, when it should have ordered the sentence to run concurrently to the nineteen-year sentence for aggravated kidnapping. The defendant claims the trial court failed to determine the prerequisites for imposing consecutive sentences on dangerous offenders relative to making the specific findings that (1) the terms of the sentence reasonably relate to the severity of the offenses and (2) consecutive sentences

are necessary to protect the public from the defendant's further serious criminal conduct. See State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). The defendant claims the imposition of a consecutive, maximum ten-year sentence for aggravated assault violates Lane. At the sentencing hearing, the defendant urged the trial court to follow its own sentencing scheme imposing consecutive sentences based on each of the three victims, two officers and society in general. As the aggravated assault conviction and the aggravated kidnapping conviction involve the same victim, the defendant asserts that these sentences should run concurrently.

The State responds that the trial court correctly resentenced the defendant. The State asserts that the defendant has cited no legal authority for his claim that the number of victims determines the number of consecutive sentences to be imposed. The State argues that consecutive sentencing is appropriate because the trial court found that the defendant was a dangerous offender whose behavior indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high and that the defendant was an offender whose record of criminal activity is extensive. T.C.A. § 40-35-115(b)(2), (4).

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2006). This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). As the Sentencing Commission Comments to Tennessee Code Annotated section 40-35-401(d) note, the burden is now on the defendant to show that the sentence is improper.

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence.

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994); see T.C.A. § 40-35-210(e) (2006).

Also, in conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on

his or her own behalf, and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210 (2006); see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229 (Tenn. 1986).

Consecutive sentencing is guided by Tennessee Code Annotated section 40-35-115(b), which states in pertinent part that the court may order sentences to run consecutively if it finds by a preponderance of the evidence that the defendant is a "dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." T.C.A. § 40-35-115(b)(4). For dangerous offenders, "consecutive sentences cannot be imposed unless the terms reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995); see Lane, 3 S.W.3d 456, 461 (Tenn. 1999).

The record shows that the trial court applied the statutory sentencing principles in imposing the defendant's sentences. The trial court found that nine enhancement factors and no mitigating factors applied. Referring to its earlier findings and explanations of applicable enhancement factors, the court found that the defendant had an extensive criminal history and that the defendant was "a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high."

Although the court did not make the findings required by Wilkerson after it found that the defendant was a dangerous offender, the imposition of the ten-year consecutive sentence was proper because the court found the defendant had an extensive criminal history pursuant to section 40-35-115(b)(2). At the sentencing, the State urged the court to incarcerate the forty-six-year-old defendant for as long as possible because the defendant had not held employment, had not led a productive life, but had instead been committing crimes since his childhood. The defendant committed the present offenses while he was incarcerated for a felony offense and escaped. The trial court properly found that the defendant's criminal history was extensive, justifying consecutive sentencing. Only one factor is needed for a judge to act within his or her discretion to impose consecutive sentencing. Sent. Comm'n Cmts., T.C.A. § 40-35-115. Moreover, there is no authority to support the defendant's claim that multiple offenses against the same victim should result in concurrent sentences. The defendant has not met his burden to prove the consecutive sentence was improper.

Finally, we note that although the transcript of the resentencing hearing reflects that the defendant was sentenced to ten years' confinement as a persistent offender for the aggravated assault, the judgment after the resentencing imposes a four-year sentence. Where the hearing transcript and the judgment conflict, the hearing transcript controls. See State v. Davis, 706 S.W.2d 96, 97 (Tenn. Crim. App. 1985). The judgment for the aggravated assault should be corrected to reflect a ten-year sentence.

Based upon the foregoing and the record as a whole, we affirm the judgments in part and remand the case for entry of a corrected judgment for the aggravated assault.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE